NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT and DEBORAH ESPOSITO,<br><br>Plaintiffs,<br><br>v.<br><br>RIDGEWOOD BOARD OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 19-19030-KM-AME<br><br>**OPINION & ORDER** |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on pro se Plaintiffs' motion to compel discovery described by Plaintiffs as "demonstrative evidence." [D.E. 27]. The discovery sought consists of an inspection of various school properties within the Ridgewood School District for the purpose of photographing the premises. Defendants oppose the motion on the grounds that the discovery request is irrelevant and unduly burdensome in light of school safety concerns. The Court has considered the parties' submissions and, in its discretion, denies the motion for the reasons discussed below.

**I.   BACKGROUND**

This action between Plaintiffs Vincent and Deborah Esposito and Defendants Ridgewood Board of Education ("Ridgewood BOE"), Daniel Fishbein and Lorna Oates-Santos arises out of events that occurred on January 8, 2019. On that date, Mr. and Mrs. Esposito, whose twin sons were then enrolled in Somerville Elementary School, disagreed with the way the school principal, Ms. Oates-Santos, handled an issue involving lunch and recess. It appears the principal

1

had instructed the Esposito children to go outside, which Plaintiffs claim was contrary to an agreement they had with the school that their children would stay indoors when the weather was inclement. According to the Complaint, the Esposito children expressed that they could not go outside, per their father's instructions. A call was placed to Mrs. Esposito to confirm, as the school had apparently not received the parents' communication regarding recess for that day. In connection with this incident, Mr. Esposito came to the school to take his sons home. He entered the main office and confronted Principal Oates-Santos. The details of what transpired in that confrontation are in dispute, but it is alleged in the Complaint that the police were called. Later that day, according to the Complaint, Dr. Fishbein, the superintendent of the Ridgewood School District, sent Mr. Esposito a letter, via email, banning him from all Ridgewood BOE property without the superintendent's permission (hereinafter the "January 2019 Ban"). Plaintiffs thereafter filed a complaint with the District that Principal Oates-Santos had bullied and harassed the Esposito children.

On or about September 16, 2019, Plaintiffs filed this action in the Superior Court of New Jersey, Bergen County. The Complaint alleges that the actions of Principal Oates-Santos in the January 8, 2019 incident violated Mr. and Mrs. Esposito's First Amendment right to free speech as well as that of their children, and further alleges that her conduct constituted cruel and unusual punishment under the Eighth Amendment. The Complaint also claims that the January 2019 Ban violated Plaintiffs' First Amendment speech rights and Fourteenth Amendment right to due process. The matter was thereafter removed to federal court, on grounds that this Court has subject matter jurisdiction under § 1331.

## II.    DISCUSSION

In this motion, Plaintiffs ask that the Court compel Defendants to provide access to "[a]ll Ridgewood Board of Education Property. This includes all school buildings, school property, [and] athletic fields." (Pl. Mot. at 3.) According to the motion, Plaintiffs seek permission for Mrs. Esposito and a photographer to enter the property for the purpose of taking pictures of the school buildings' interiors as well as their exterior premises. Regarding the Somerville Elementary School, where the January 8, 2019 incident occurred, Plaintiffs wish to photograph "the Main Office, the Principal's Office, the CTS Room, the Main Entryway when entering the Somerville School, [and] the hallway from [the Esposito children's] classroom to the Main Office." (Id.) Additionally, they ask for access to three other elementary schools, two middle schools, and the Ridgewood high school. Plaintiffs, the Court notes, have offered that access be permitted after school hours, so as not to disrupt events or pose safety concerns.

Plaintiffs argue that photographs of the Somerville Elementary School and six other schools are "paramount and necessary for the Plaintiff to conduct effective depositions, trial testimony and cross examinations." (Id. at 2.) They maintain that the "photographs will directly correlate with the imposed ban of January 8th 2019 as well as the January 8th incident involving the [Plaintiffs' children] as well as Mr. Esposito." (Id.) The Court is not persuaded by Plaintiffs' argument.

Under Federal Rule of Civil Procedure 26(b)(1), discovery may be obtained regarding any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Although the scope of discovery is broad, it is

3

not unlimited. Discovery is not permitted where the discovery sought is irrelevant to the claims at issue, where the requests were tendered in bad faith, or where the requests are unduly burdensome." Gutierrez v. Johnson & Johnson, Inc., 01-CV-5302, 2002 WL 34717245, at *3 (D.N.J. Aug. 13, 2002) see also Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."). The party seeking the discovery bears the burden of demonstrating that the matter falls within the scope of the rules. See Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000).

 Here, Plaintiffs have failed to demonstrate that the photographs they wish to obtain are relevant to the subject matter of this lawsuit. Plaintiffs' claims in this case concern constitutional violations they allegedly suffered as a result of the January 8, 2019 incident and the January 2019 Ban. According to the Complaint, the claims arise from Principal Oates-Santos's insistence that the Esposito children go outside for lunch recess, her interactions with Mr. and Mrs. Esposito regarding this matter, and the subsequent restriction placed on Mr. Esposito's entry onto Ridgewood BOE property. There is not the slightest indication the physical configuration of the Somerville Elementary School, where the incident occurred, bears any relation to Plaintiffs' claims. Moreover, insofar as the request concerns entry and inspection of the premises of several other schools within the Ridgewood School District, it is not only irrelevant but completely disproportional to the needs of the case.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiffs' request to enter and photograph school property falls outside the scope of discovery permitted under Rule 26(b)(1). Accordingly,

**IT IS** on this 1st day of June 2021,

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(b), Plaintiffs' motion to compel demonstrative evidence [D.E. 27] is **DENIED**.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge