NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT and DEBORAH ESPOSITO, | Civil Action No. 19-19030-KM-AME |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| RIDGEWOOD BOARD OF EDUCATION, et al., | |
| Defendants. | |

ESPINOSA, Magistrate Judge

    This matter comes before the Court on Plaintiffs' motion "to remove defense counsel." [D.E. 23] Plaintiffs seek the disqualification of Defendants' counsel, Jeffrey Merlino, on the grounds that he is a fact witness and, therefore, his continuing representation of Defendants in this matter creates a conflict in violation of Rule 3.7(a) of the Rules of Professional Conduct. Defendants oppose the motion. The Court has considered the parties' submissions and, additionally, the arguments they presented during the June 1, 2021 conference conducted on the record. For the reasons that follow, the motion to disqualify Defendants' counsel is denied.

**I.    BACKGROUND**

    In brief, this action arises out of a dispute between Plaintiffs Vincent and Deborah Esposito, proceeding pro se, and Defendants Ridgewood Board of Education ("Ridgewood BOE"), Daniel Fishbein and Lorna Oates-Santos concerning an incident involving Plaintiffs' twin sons, who attended the Somerville Elementary School in Ridgewood, New Jersey, at the relevant time. The incident resulted in a ban on Mr. Esposito from all property belonging to the

Ridgewood BOE, which was imposed on January 8, 2019 (hereinafter the "January 2019 Ban"). Among other claims asserted in the Complaint, Plaintiffs allege that Defendants have violated their First and Fourteenth Amendment rights by imposing the January 2019 Ban and have caused them economic loss and other hardships, including incurring costs to educate their sons outside of the Ridgewood School District and, ultimately, having to relocate from the town altogether.[1]

## II. THE PARTIES' ARGUMENTS

In this motion, Plaintiffs maintain Defendants' counsel, Mr. Merlino, possesses crucial information about the status of the January 2019 Ban, and, more specifically, about whether and when it was lifted. According to Plaintiffs, during a February 2021 settlement conference with the Court, Mr. Merlino expressed that the January 2019 Ban was no longer in effect, in light of the fact that Mr. Esposito, to whom the January 2019 Ban applied, no longer lives in Ridgewood. Plaintiffs further contend Mr. Merlino also stated at the conference that he had previously shared this information with Plaintiffs, a fact they disputed. Upon further investigation following the conference, Plaintiffs learned from Mr. Merlino that, according to him, he had communicated with Susan Clark, the attorney who represented Plaintiffs before this lawsuit was filed, and advised her the January 2019 Ban was lifted in June 2019. Plaintiffs contend they first learned of this upon Mr. Merlino's statements during and shortly after the settlement conference. Their motion argues:

> While it is our understanding that communication during settlement discussions is typically inadmissible in court, I am nevertheless bringing to the Court's attention that Mr. Merlino, counsel for the defendant, has presented information about his conversation with our prior attorney. Therefore, it appears if the defendants were to offer evidence that the ban

---

[1] The factual and procedural history of this action are discussed more fully in the Court's recent Opinion and Order, issued June 1, 2021, which resolved a discovery motion filed by Plaintiffs.

2

> was lifted or dispute that the ban was not lifted, that Mr. Merlino and our
> prior attorney would be potential witnesses at trial.

(Pl. Mot. at 3.) Based on the foregoing, Plaintiffs maintain they have become aware Mr. Merlino is likely to be a fact witness as to the status of the January 2019 Ban. Plaintiffs also suggest Mr. Merlino's testimony constitutes the only evidence regarding this subject.

Defendants, in opposition, argue Mr. Merlino is not a witness to either the imposition or the lifting of the January 2019 Ban. Rather, they maintain, Mr. Merlino has simply obtained information from Defendants in the course of representing them, prior to and during this litigation, and has communicated settlement offers to Plaintiffs and/or their former counsel. In particular, Defendants assert Mr. Merlino conveyed Defendants' offer to lift the January 2019 Ban, referring to a March 2019 email he sent to Ms. Clark, in which he stated Dr. Fishbein would review the ban at the end of the school year in June 2019. Defendants further assert Mr. Merlino told Ms. Clark in June 2019 that the January 2019 Ban was lifted. Defendants maintain there is no conflict under Rule 3.7, as neither Mr. Merlino's communication with Plaintiffs' prior counsel to resolve the parties' dispute nor his knowledge of the January 2019 Ban's status renders him a fact witness.

After briefing on this motion had closed, Plaintiffs filed two additional submissions in further support of their motion, on May 21 and 24, 2021, respectively. These submissions appear to have been prompted by the May 21, 2021 filing of Defendants' opposition, dated February 25, 2021. Defendants' filing was made at the Court's request because their opposition papers did not appear on the docket. Plaintiffs' additional submissions reiterate their argument that Mr. Merlino

has improperly divulged confidential settlement communications, a position Plaintiff had previously expressed in their reply brief.[2]

### III. DISCUSSION

Pursuant to Local Civil Rule 103.1(a), the conduct of attorneys admitted to practice before the District of New Jersey is governed by the Rules of Professional Conduct ("RPC") of the American Bar Association, as revised by the New Jersey Supreme Court. While an attorney may be disqualified for violating an ethical rule, "disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quotations omitted); see also Alvarez v. Am. Lafrance, LLC, No. 15-8446 (KSH), 2017 WL 2709562, at *2 (D.N.J. June 23, 2017) (noting that "disqualification is a harsh remedy which must be used sparingly.") (citation omitted). When presented with a motion to disqualify an attorney, a court must balance the need to maintain high professional standards against the deference owed to a party's choice of counsel. Dantinne v. Brown, No. 17-0486 (JHR/JS), 2017 WL 2766167, at *2 (D.N.J. June 23, 2017) (citing City of Atlantic City v. Trupos, 201 N.J. 447, 462 (2010)); see also United States v. Boston Scientific Neuromodulation Corp., No. 11-1210 (SDW), 2013 WL 2404816, at *4 (D.N.J. 2013) ("Permitting a litigant to retain his or her choice of counsel is a countervailing

---

[2] The Court notes Plaintiffs' reply brief specifically references and responds to Defendants' February 25, 2021 opposition, arguing "Mr. Merlino has opened the door to sharing our settlement discussions by submitting his Exhibit A 'a true copy of the settlement communication' in his opposition brief to Your Honor." (Pl. Reply at 2) (quoting Defendants' opposition). There is no doubt the opposition was timely served on Plaintiffs and Plaintiffs had a fair opportunity to respond. The Court further notes Plaintiffs' additional submissions were filed in contravention of Local Civil Rule 7.1, which governs motion practice. Following the filing of a motion and its supporting papers, the rule permits only opposition and reply papers; sur-replies are expressly prohibited without permission of the Court. See L. Civ. R. 7.1(d)(5) and (6).

policy to be considered against disqualification."). A motion for disqualification must be supported by facts, which a court must closely scrutinize "to prevent unjust results." Carlyle Towers Condominium Ass'n v. Crossland Sav., FSB, 944 F. Supp. 341, 345 (D.N.J. 1996); see also Carreno v. City of Newark, 834 F. Supp. 2d 217, 224 (D.N.J. 2011) (holding same). Indeed, "surmise alone cannot support an order of disqualification." Carreno, 834 F. Supp. 2d at 224 (quoting Trupos, 201 N.J. at 469). In light of the foregoing considerations, courts in the District of New Jersey have consistently held the movant "must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified." Carlyle Towers, 944 F. Supp. at 345 (quoting Alexander, 822 F. Supp. at 1114).

In this case, Plaintiffs ask the Court to disqualify Defendants' counsel on the grounds that he is a witness whose testimony will be required to establish that the January 2019 Ban was lifted at some point, perhaps even before this lawsuit was filed. This, Plaintiffs argue, presents a conflict in violation of RPC 3.7, which provides, in relevant part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

RPC 3.7(a). To demonstrate an attorney is likely to be a "necessary witness" within the meaning of Rule 3.7, a movant must present evidence the attorney possesses crucial information that

"cannot be obtained through any other means, including through alternative witnesses." Dantinne, 2017 WL 2766167, at *4 (citing Boston Scientific, 2013 WL 2404816, at *7). "If it is unclear from the record as to whether the attorney's testimony is necessary, the motion should be denied." Id.

Here, Plaintiffs have failed to carry their heavy burden of demonstrating Mr. Merlino's disqualification is warranted. The sole basis for Plaintiffs' contention that Mr. Merlino is likely to be a witness as to whether and when the January 2019 Ban was lifted is that, either during the February 2021 settlement conference or shortly thereafter, Mr. Merlino advised Plaintiffs of his previous communication with Plaintiffs' former counsel regarding this subject. Their motion sets forth as follows:

> The issue before the Court is whether the ban is still in effect. Mr. Merlino has for the first time communicated to me on 2/23/21 that the ban was lifted in June 2019, and that he communicated that fact to our previous attorney Susan Schroeder Clark, Esq. Mr. Merlino's communication appears to have made him a factual witness in this case. The defendants have never presented any written evidence that the ban was lifted. This evidence appears to be purely testimonial in nature by Mr. Merlino.

(Pl. Mot. at 5-6.)

Missing from Plaintiff's motion is any evidence that Mr. Merlino is a witness to the lifting of the January 2019 Ban, much less a necessary one. Plaintiffs argue that determining whether the January 2019 Ban has or has not been in effect throughout this entire litigation is crucial information relating to their claims because it may contravene Defendants' position in defending this lawsuit. However, Plaintiffs have not demonstrated Mr. Merlino has any firsthand, personal knowledge on that subject. To the extent Mr. Merlino became aware the January 2019 Ban was extinguished, the record indicates that he learned the information from the parties he is

6

representing. Moreover, Plaintiffs' position that Defendants' counsel must be disqualified under RPC 3.7(a) is based on their unfounded assertion that Mr. Merlino's testimony is the only evidence concerning the status of the January 2019 Ban. Even assuming Mr. Merlino were a fact witness, that is, he somehow became aware of the lifting of the January 2019 Ban from personal involvement or observation and not from information shared with him by his clients, Plaintiffs have failed to demonstrate he would be a necessary witness. Rather, evidence on this subject can be presented at trial through the testimony of other witnesses, such as the relevant individual defendants or Ridgewood BOE decisionmakers who took action with respect to the imposition, enforcement, and/or lifting of the January 2019 Ban.

The Court appreciates that, based on conversations with Mr. Merlino during and shortly after the settlement conference, Plaintiffs may reasonably be interested in gathering information about the status of the January 2019 Ban, including details about whether it remains in place and, if no longer effective, when and under what circumstances it was lifted. These questions can be explored in a straightforward interrogatory directed to Defendants. Plaintiffs' interest in discovery on this topic does not support their contention that Mr. Merlino is a fact witness simply because he may have told Plaintiffs' former counsel the January 2019 Ban was lifted.[3]

Even if the possibility of disqualification were more colorable in this case, such a remedy is premature. Courts in this district have consistently held that, based on the express language in

---

[3] To the extent Plaintiffs argue Mr. Merlino is a necessary witness as to his communications with Ms. Clark, the argument is unavailing. That Mr. Merlino may have communicated with Plaintiffs' former counsel and conveyed information to her that he learned from his clients in an effort to resolve the dispute, is not unusual in any way. More important, the conveyance of such information between opposing counsel, especially when obtained second-hand by a lawyer from his client, is not competent evidence upon which a party may rely to prove or defend against legal claims. Rather, here, the relevant witness is the actor, not the advocate.

Rule 3.7(a) prohibiting a hybrid attorney-witness at the time of trial, an attorney with a potential conflict under the rule is not disqualified from representing a party during the pre-trial stage. Main Events Prods., LLC v. Lacy, 220 F. Supp. 2d 353, 355 (D.N.J. 2002); see also Dantinne, 2017 WL 2766167, at *4 (citing various cases). "An attorney is not disqualified immediately even if he will likely become a necessary witness at trial." Boston Scientific, 2013 WL 2404816, at *7. This case is still in its pre-trial stage, and, therefore, a conflict under Rule 3.7(a), even assuming one were later demonstrated to exist, would not require immediate disqualification of counsel.

Additionally, the Court wishes to address Plaintiffs' argument that Mr. Merlino has impermissibly divulged confidential settlement discussions in filing his opposition to this motion and should, therefore, be disqualified from continuing to represent Defendants. The argument is inapposite to the motion before the Court, and unavailing. Plaintiffs appear to confuse evidentiary principles with privilege doctrines. Federal Rule of Evidence 408 indeed prohibits the use of settlement discussions to prove liability at trial, but Plaintiffs cite no authority that the Third Circuit recognizes a "settlement privilege." See Ford Motor Co. v. Edgewood Props., 257 F.R.D. 418, 423 (D.N.J. 2009) (indicating that "the Third Circuit does not recognize a settlement privilege."). Moreover, Plaintiffs have no cause to complain about Mr. Merlino's reliance on his communication with their former counsel in Defendants' opposition to the disqualification motion, as it was Plaintiffs themselves who put that communication at issue. Indeed, the communication has, since the initiation of this motion, undergirded their contention that Defendants' attorney is a potential witness.

In sum, Plaintiffs have fallen short of satisfying their burden of establishing Mr. Merlino's disqualification is warranted.

## IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS** on this 12th day of July 2021,

**ORDERED** that Plaintiffs' motion to disqualify Defendants' counsel [D.E. 23] is **DENIED**.

                                                               /s/ *André M. Espinosa*
                                                             ANDRÉ M. ESPINOSA
                                                             United States Magistrate Judge